# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**Mark Barley,**

*Plaintiff,*

v.

**Experian Information Solutions, Inc.,**

*Defendant.*

Case Number: 8:21-cv-691

**JURY TRIAL DEMANDED**

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, **Mark Barley** ("**Mr. Barley**"), by and through his attorneys, Seraph Legal, P.A., and complains of the Defendant, **Experian Information Solutions, Inc.** ("**Experian**"), stating as follows:

## PRELIMINARY STATEMENT

1. This is an action brought by Mr. Barley against Experian for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et. seq.* ("**FCRA**").

## JURISDICTION AND VENUE

2. Subject matter jurisdiction arises under the FCRA, 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

3. Experian is subject to the provisions of the FCRA and is subject to the jurisdiction of this Court pursuant to Fed. R. Civ. P. 4(k) and Florida Statute §48.193.

4. Venue is proper in the Middle District of Florida because the acts complained of were committed and / or caused by Experian within this District.

## PARTIES

5. Mr. Barley is a natural person residing in the community of Valrico, Hillsborough County, Florida and is a *Consumer* as the term is defined by the FCRA, 15 U.S.C. § 1681a(c).

6. Experian is an Ohio corporation, with a primary business address of 475 Anton Blvd., Costa Mesa CA 92626.

7. Experian is registered to conduct business in the State of Florida, where its Registered Agent is **CT Corporation System, 1200 South Pine Island Rd., Plantation, FL 33324.**

8. Experian is a nationwide Credit Reporting Agency ("**CRA**") within the meaning of the FCRA, 15 U.S.C. § 1681a(f), in that it, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and uses various means of interstate commerce for the purpose of preparing or furnishing consumer reports, specifically including mail and telephone communications.

## FACTUAL ALLEGATIONS

### Consumer Disclosure Neither Clear nor Accurate

9. On or about March 9, 2021, Mr. Barley obtained his consumer disclosure from Experian ("**Experian's Disclosure**").

10. Pursuant to 15 U.S.C. § 1681g(a), upon receipt of Mr. Barley's request, Experian was required to "clearly and accurately" disclose *all* information in Mr. Barley's file at the time of his request.

### False/Multiple Social Security Numbers

11. Mr. Barley's SSN is XXX-XX- 6854 (redacted).

12. Mr. Barley has had the same SSN his entire life and has not obtained, nor ever used, any alternate SSN.

13. Despite this, Experian included two "alternate" Social Security numbers ("**SSNs**"), one ending in 6884, and one ending in 7670, in its disclosure to Mr. Barley.  **SEE PLAINTIFF'S EXHIBIT A.**

14. Experian's inclusion of the false alternate SSNs implied that Mr. Barley had applied for credit using multiple SSNs and engaged in fraudulent conduct.

15. Moreover, Experian did not indicate the source or sources of information on which Experian relied to determine that Mr. Barley had used two

SSNs other than his own, making it impossible for Mr. Barley to follow up with / correct them.

16. Experian included the full 9-digit alternate SSNs to lenders who requested Mr. Barley's credit report.

17. Indeed, on March 5, 2021, Mr. Barley applied for a mortgage through Sky Apply Home Mortgage, Inc. ("**Sky Mortgage**")

18. To review Mr. Barley's application, Sky Mortgage requested a consumer credit report from *Sarma*, a consumer reporting agency and reseller of consumer credit reports.

19. Sarma, in turn, requested and obtained a consumer report regarding Mr. Barley from Experian.

20. Sarma then merged the information which it obtained from Experian with information obtained from Equifax and Trans Union, into a "tri-merge" report, which it then provided to Sky Mortgage.

21. The report which Experian sold to Sarma indicated that Mr. Barley had *three* SSNs – his actual SSN and two alternates. **SEE PLAINTIFF'S EXHIBIT B.**

22. Each of these SSNs was disclosed in its entirety – unredacted.

23. Despite this, Experian only provided the last four digits of each SSN to Mr. Barley on his consumer disclosure.

24. By including multiple SSNs in consumer reports sold regarding Mr. Barley, Experian indicated to anyone viewing the report that Mr. Barley had applied for credit or otherwise utilized SSNs not belonging to him – *i.e.*, that he committed fraud.

25. Indeed, Mr. Barley's application for a mortgage was denied.

26. Experian's redaction of the alternate SSNs on the report it provided to Mr. Barley indicates that Experian believed the alternate SSNs did not belong to Mr. Barley.

27. Despite its apparent belief that the alternate SSNs were not Mr. Barley's, Experian incorporated the alternate SSNs into reports it sold to third parties.

### **Experian's Knowledge of the Issues**

28. Experian has been sued in the past for incorporating alternate SSNs into reports which it sold, but providing only the redacted alternate SSNs in its disclosure to consumers.

29. Despite the knowledge gained in such suits, and the fact that simple technological adjustments would prevent such mismatches, Experian continues to sell reports to third-parties in which it claims consumers have used multiple SSNs.

30.   On its face, Experian's current policies do not reasonably ensure the "maximum possible accuracy" of credit reports produced, despite being required to do so under the FCRA.  15 U.S.C. § 1681e(b).

31.   Likewise, Experian's disclosure of only the redacted alternate SSNs in its disclosure to Mr. Barley is not a "clear and accurate" disclosure of all of the information in Mr. Barley's file, as Experian omitted the remaining digits of the alternate SSNs.

32.   Further, Experian knows that the FCRA requires it to disclose the sources of information relied upon in compiling the consumer's credit report when providing a consumer disclosure; similarly, it knows that its disclosures *do not* inform the consumer as to the sources of data on which it relies to determine that a consumer has multiple SSNs.  *See* 15 U.S.C. § 1681g(a)(2).

33.   Records from Experian indicate that it sold twelve (12) reports regarding Mr. Barley in the last 24 months, including the report to Sarma, in each of which Experian falsely stated that Mr. Barley had two "additional" SSNs associated with his name.  **SEE PLAINTIFF'S EXHIBIT C.**

**Experian's Duty to Prepare Reports with Maximum Possible Accuracy**

34.   The FCRA is clear in its requirement that Experian, as a CRA, is required to prepare accurate reports:

> Accuracy of Report.  Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable

procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.  15 U.S.C. §1681e(b).

35. Experian was required to follow reasonable procedures to assure maximum possible accuracy of the information concerning Mr. Barley.

36. Including multiple SSNs which do not belong to Mr. Barley, were not utilized by Mr. Barley, and which Experian did not believe belonged to Mr. Barley is an inherently unreasonable procedure for ensuring maximum possible accuracy.

37. Thus, Experian failed to use reasonable procedures when preparing the credit reports sold to each lender.

38. Upon learning of the Experian's allegation that he had obtained / used multiple social security numbers and further that no sources for such information were provided by Experian, Mr. Barley became emotionally distressed, frustrated, and upset.

39. As a result of Experian's failure to prepare reports utilizing procedures to ensure maximum possible accuracy, Mr. Barley has suffered an impaired ability to obtain credit and services, as well as economic losses and emotional distress from attempting to fix Experian's errors.

40. Mr. Barley has hired this law firm to represent him in this matter and has assigned the firm his right to fees and costs.

## COUNT I
## VIOLATIONS OF THE FCRA

41. Mr. Barley adopts and incorporates paragraphs 1 - 40 as if fully stated herein.

42. Experian violated **15 U.S.C. § 1681e(b)** when it failed to follow reasonable procedures to assure maximum possible accuracy of consumer reports sold regarding Mr. Barley, when Experian sold reports stating, falsely, that Mr. Barley utilized two alternate SSNs, thereby indicating to creditors and potential creditors of Mr. Barley that he was applying for credit with a false identity and committing fraud.

43. Experian violated **15 U.S.C. § 1681g(a)(1)**, when responding to Mr. Barley's request for his consumer disclosure by failing to clearly and accurately disclose to Mr. Barley, a *Consumer*, all of the information in his file at the time of the request. Specifically, Experian disclosed two false SSNs.

44. Experian's conduct was willful and intentional, or, alternately, was done with reckless disregard for its duties under the FCRA to provide reports with maximum possible accuracy and to refrain from providing third-parties with confidential credit information without a permissible purpose, and its policies could reasonably be foreseen to cause harm to Mr. Barley.

**WHEREFORE,** Mr. Barley respectfully requests this Honorable Court enter judgment against Experian for:

a. The greater of statutory damages of **$1,000** per incident (for a total of **$13,000,** based solely upon information known at the time of filing), pursuant to 15 U.S.C. § 1681n(a)(1)(A) or 15 U.S.C. § 1681o(a)(1).

b. Reasonable costs and attorneys' fees pursuant to pursuant to 15 U.S.C. §1681n(a)(3); and,

c. Such other relief that this Court deems just and proper.

## JURY TRIAL DEMANDED

Mr. Barley hereby demands a trial by jury on all issues so triable.

Respectfully submitted on **March 23, 2021**, by:

**SERAPH LEGAL, P. A.**

*/s/ Bryan J. Geiger*
Bryan J. Geiger, Esq.
Florida Bar No.: 119168
BGeiger@seraphlegal.com
1614 North 19th Street
Tampa, FL 33605
Tel: 813-567-1230
Fax: 855-500-0705
*Attorneys for Plaintiff*

**EXHIBITS**
A.  Mr. Barley's Experian Consumer Disclosure, March 9, 2021, SSNs
B.  Mr. Barley's Tri-merge Report, Experian's SSNs
C.  Mr. Barley's Experian Consumer Disclosure, March 9, 2021, Inquiries